**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4506**

_____

UNITED STATES OF AMERICA,

         Plaintiff - Appellee,

    v.

JERMAINE DOUGLAS GRANDY,

         Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Kenneth D. Bell, District Judge.  (5:21-cr-00044-KDB-SCR-1)

_____

Submitted:  July 24, 2025                               Decided:  July 28, 2025

_____

Before NIEMEYER, AGEE, and HEYTENS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  William R. Terpening, TERPENING LAW, PLLC, Charlotte, North Carolina, for Appellant.  Dena J. King, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jermaine Douglas Grandy appeals his convictions for conspiracy to distribute and possess with intent to distribute fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A); possessing fentanyl with intent to distribute, in violation of § 841(a)(1), (b)(1)(A); possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On appeal, Grandy argues that the district court erred by denying his motion to suppress evidence obtained following the issuance of warrants permitting officers to track the location of his cell phone. We affirm.

Grandy's opening brief sets forth three assignments of error: that the warrants lacked probable cause, that the warrants were insufficiently particularized, and that the district court should have held a *Franks** hearing because the warrant affidavits contained knowingly or recklessly false information. Nowhere in that brief does he address the district court's alternative finding that even if the warrants were constitutionally deficient, suppression was still unwarranted due to application of the good-faith exception.

We have routinely held that "failure to present or argue assignments of error in opening appellate briefs constitutes a waiver of those issues." *Navient Sols., LLC v. Lohman*, 136 F.4th 518, 525 (4th Cir. 2025) (citation modified); *see also Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to develop its argument—even if its

---

\* *Franks v. Delaware*, 438 U.S. 154 (1978).

2

brief takes a passing shot at the issue." (citation modified)).   To the extent Grandy's arguments regarding the alleged material misstatements in the warrant affidavits can be considered to implicitly challenge the district court's application of the good-faith exception, such a "passing shot at the issue" does not save it from waiver. *Grayson O Co.*, 856 F.3d at 316 (citation modified).   Nor does Grandy's reply brief adequately present this issue for our review. *See Misjuns v. City of Lynchburg*, 139 F.4th 378, 386 n.* (4th Cir. 2025) (concluding that party waived argument raised "for the first time in his reply brief" (citation modified)).

Because Grandy has waived appellate review of an independent basis for the denial of his motion to suppress, we affirm the criminal judgment.   We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*